# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| CURTIS LAMAR McQUEEN, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:06CV0002(RWS) |
| SUSAN WICKLIFF, | ) |
| Defendants. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Curtis Lamar McQueen (registration no. 517976), an inmate at the Southeast Correctional Center (SECC), for leave to commence this action without payment of the required filing fee [Doc. #2].

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court will assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner will be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $14.16, and an average monthly account balance of $16.93. Applicant has insufficient

funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $3.39, which is 20 percent of applicant's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The complaint

Plaintiff seeks monetary and injunctive relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are Susan Wickliff, Cheryl Dowdy, Jessee Dowdy, Glenn Babich, Ron Brown, Randy Wright, John Williams, Laura Vance, Jackie Cooper, Chuck Dwyer, Mike Cornell, Derek Hines, Julian Unknown, Jerry Meyers, Unknown Preston, Keith Mays, Thomas O'Guinn, Yolanda Moore, and MCI Telephone Company (MCI).[1] Although not

---

[1] In the body of his complaint, plaintiff identifies the following "non-party defendants": Sgt. Clinton, Sgt. Harper, C.O. I Beck, Lt. Stewart, Lt. Mitchum, and C.O. I Collins. Because it appears that plaintiff does not seek any relief against these persons, the Court will not treat them as defendants in this action.

named as defendants in the caption of the complaint as required by Rule 10(a) of the Federal Rules of Civil Procedure, it appears that plaintiff seeks relief against Correctional Medical Services (CMS), C.O. I Lynn, and C.O. I Bentson.

Liberally construing the complaint and attached exhibits, Plaintiff alleges that defendants Wickliff, Cheryl Dowdy, Jesse Dowdy, Meyers, Wright, Mays, O'Guinn, Williams, Preston, Vance, Cooper, Julian Unknown, Hines, Moore, and Dwyer retaliated against him for a civil rights lawsuit he filed against Wickliff and Jesse Dowdy by (1) issuing plaintiff an allegedly false conduct violation for escape; and (2) by conspiring to keep him in administrative segregation indefinitely to pressure plaintiff into dropping his lawsuit. Additionally, plaintiff alleges that he was denied adequate medical care and that MCI blocked a business telephone line that prevents him from talking with his children when they are at their daycare center.

**Discussion**

Plaintiff's claims against defendants Wickliff, Cheryl Dowdy, Jesse Dowdy, Meyers, Wright, Mays, O'Guinn, Williams, Preston, Vance, Cooper, Julian Unknown, Hines, Moore, and Dwyer regarding retaliation against plaintiff for filing a lawsuit survive review under § 1915(e)(2)(B) and should not be dismissed as this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, the Court will order that defendants Wickliff, Cheryl Dowdy, Jesse Dowdy, Meyers, Wright, Mays, O'Guinn, Williams, Preston, Vance, Cooper, Julian Unknown, Hines, Moore, and Dwyer reply to these claims.

Plaintiff's claims against defendants Cornell, CMS, Brown, Babich, Lynn, and Bentson, however, should be dismissed. In each allegation concerning these defendants, plaintiff attempts to incorporate allegations set forth in a prior action, McQueen v. Babich, No. 1:04CV176(RWS) (E.D. Mo.), by merely referencing the paragraph number of the prior complaint. As such, the instant complaint fails to set forth any facts indicating that these defendants violated plaintiff's constitutional rights. Beyond failing to state a claim, this type of pleading also violates Rule 8(a) of the Federal Rules of Civil Procedure which requires the complaint to contain "a short and plain statement of the

claim showing that the pleader is entitled to relief." Instead of referring back to paragraphs in a complaint in an action which has been dismissed, plaintiff must actually reassert the allegations in this action.

Plaintiff's allegation that MCI "put a block" on a "separate business line" set up by "[t]he owner of Big Mama's Day Care" that enabled plaintiff to speak with his children while he is in prison, does not state a § 1983 claim because MCI is a private company, not a state actor. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall docket Correctional Medical Services, C.O. I Lynn, and C.O. I Bentson as additional defendants in this action.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $3.39 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prisoner registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days, without good cause shown, the Court will dismiss this action without prejudice. **IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants Cornell, CMS, Brown, Babich, Lynn, Bentson, and MCI because the claims against these defendants are legally frivolous or fail to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to

4

issue upon the complaint as to defendants Wickliff, Cheryl Dowdy, Jesse Dowdy, Meyers, Wright, Mays, O'Guinn, Williams, Preston, Vance, Cooper, Julian Unknown, Hines, Moore, and Dwyer.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2), defendants Wickliff, Cheryl Dowdy, Jesse Dowdy, Meyers, Wright, Mays, O'Guinn, Williams, Preston, Vance, Cooper, Julian Unknown, Hines, Moore, and Dwyer shall reply to the complaint within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

An appropriate order shall accompany this order and memorandum.

Dated this 21st day of March, 2006.

_____
**UNITED STATES DISTRICT JUDGE**