UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CURTIS LAMAR McQUEEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:06CV2 RWS |
| | ) |
| SUSAN WICKLIFF, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER OF REOPENING CASE AND AMENDED CASE MANAGEMENT ORDER**

On August 2, 2006, I dismissed Plaintiff Curtis McQueen's complaint because he had failed to exhaust his administrative remedies as to each claim before he filed his lawsuit. Dismissal of the lawsuit was compelled by the controlling case law in effect at the time my order was issued. On March 11, 2008, the United States Court of Appeals for the Eighth Circuit noted that the case law had since been revised by the United States Supreme Court in Jones v. Bock, 127 S. Ct. 910 (2007). The Court in Jones stated that only the unexhausted claims should be dismissed from a prisoner lawsuit and the exhausted claims should remain and be litigated. In light of the change in case law, the Eighth Circuit remanded this case for further proceedings.

In my order of August 2, 2006, I found that the only claim that was exhausted before this lawsuit was filed was grievance number SECC 05-1056 which alleged that Defendant Wickliff improperly charged McQueen with possession of contraband, a phonebook. None of the other claims in McQueen's lawsuit were exhausted before he filed this lawsuit.

As a result, I find that the only claim properly in this lawsuit is the claim of a false charge of possession of contraband, a phonebook, encompassed by grievance number SECC 05-1056.

The only defendant properly in this action is Defendant Wickliff. All of the other claims and defendants are dismissed from this case in accordance with the holding in Jones.

Accordingly,

**IT IS HEREBY ORDERED that** the Clerk of Court shall reopen this matter.

**IT IS FURTHER ORDERED that** the sole claim to be addressed in this lawsuit is the claim against Defendant Wickliff concerning a charge of possession of contraband, a phonebook, encompassed by grievance number SECC 05-1056.

**IT IS FURTHER ORDERED that** all other claims and defendants are **DISMISSED** from this lawsuit.

**IT IS FURTHER ORDERED that** the following schedule shall apply in this case, and will be modified only upon a showing of exceptional circumstances:

1. No later than **May 16, 2008** each party shall disclose to the other party the following:

    (a) Plaintiff shall submit to the defendant a list, including addresses, of all persons having knowledge or information of the facts giving rise to plaintiff's claim.

    (b) Plaintiff shall submit to the defendant all documents that plaintiff believes mention, relate to, or in any way support plaintiff's claim.

    (c) Defendant shall submit to the plaintiff a list of the names and home or business addresses of all persons having knowledge or information of the facts giving rise to plaintiff's claim, subject to the following exception. In the case of persons no longer employed by the relevant governmental or other entity, defense counsel may, in lieu of providing an address, state that the person may be contacted through defense counsel; defendant(s) shall

provide home and business addresses for such persons to the United States Marshal on an ex parte basis, if requested by the Marshal or ordered by the Court.

   (d) Defendant shall provide a description, by category and location, of all documents which are relevant to the facts giving rise to plaintiff's claim. Defendant shall, at her option, provide copies of the described documents to the plaintiff, or allow plaintiff to inspect the documents and obtain copies, with the following exceptions. Defendant need not produce individual files of other prisoners who are not parties to the action. Defendant may object to the disclosure of documents by serving written objections upon the plaintiff, in lieu of producing the documents to which the objections apply.

   Failure to make the above disclosures may result in sanctions, including dismissal, entry of default judgment or any other sanction that the Court deems just.

   2. Following disclosure each party may engage in discovery under the Federal Rules of Civil Procedure but <u>all</u> discovery in this case must be completed by **<u>September 12, 2008</u>**. Parties shall file motions to compel in a prompt manner and in no event after the discovery deadline.

   3. Defendants are granted leave of Court, pursuant to Rule 30(a), Fed.R.C.P., to take the deposition of plaintiff, upon reasonable notice.

   4. The Court will not entertain any motion to stay discovery or disclosure based upon the defense of qualified immunity unless such a motion is accompanied or preceded by a detailed brief setting forth the specific factual and legal reasons (with appropriate case citations) qualified immunity applies to this case.

5. Any motion for summary judgment must be filed no later than **October 17, 2008**. Failure to file such a motion within that time period will waive a party's right to do so before trial. The party opposing summary judgment shall file a response to such a motion no later than **November 17, 2008**. Any reply shall be filed no later than **November 27, 2008**.

This order specifically preempts any provision of local rule to the contrary. It is anticipated that if a summary judgment motion is filed, the case will not be set for trial until after the motion has been ruled upon. If no motion for summary judgment is filed by the date set above, the case will be set for trial forthwith.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 21st day of March, 2008.