**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| **CURTIS LAMAR MCQUEEN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:06CV2 SNLJ |
| ) | |
| **SUSAN WICKLIFF, et al.,** ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for summary judgment (#130), filed September 4, 2008 and defendants' cross motion for summary judgment (#137), filed October 17, 2008. Plaintiff filed a response to defendants' motion (#142) on December 3, 2008. Defendants filed a reply (#156) on March 5, 2009. Plaintiff then filed a surreply (#158) to defendants' reply on April 2, 2009.

**I. Statement of the Case**

Plaintiff, Curtis Lamar McQueen, is an inmate confined at Eastern Reception Diagnostic and Correctional Center ("ERDCC") located in Bonne Terre, Missouri. Plaintiff filed this lawsuit on January 3, 2006, pursuant to 42 U.S.C. § 1983 against several defendants for actions taken at the Southeast Correctional Center ("SECC") in Charleston, Missouri, where plaintiff was housed at the time. The case was dismissed in its entirety (#85) on April 2, 2006, for failure to exhaust administrative remedies for all grievances. The case was appealed to the Eighth Circuit which affirmed in part and reversed in part. The Circuit Court held that the case law upon which the April 2, 2006 order had been based had been revised by the United States Supreme Court in Jones v. Bock, 127 S.Ct. 910 (2007), and the case could proceed as to all claims in which the

administrative remedies had been exhausted. On remand, this Court ordered (#112) "that the sole claim left to address was the claim against defendant Susan Wickliff concerning a charge of possession of contraband, a phonebook, encompassed by grievance number SECC 05-1056." All other claims and defendants were dismissed. The Court then reconsidered its ruling and ordered (#125) that defendants Randy Wright, and Chuck Dwyer also remain in the suit for their involvement in the same claim.

The facts relevant to the one issue remaining in this case are as follow: On March 31, 2005, defendant Wickliff, a Corrections Classification Assistant at SECC, was approached by plaintiff's cellmate who complained that plaintiff would not let him have space within the cell due to the amount of clothing plaintiff had stolen. Defendant Wickliff searched plaintiff's cell and reported finding 5 to 6 pairs of shoes, 10 to 15 books, several sets of clothing, and a book containing several phone numbers and maps of the area. The items were confiscated and plaintiff was charged with a conduct violation for Rule #4-Escape which is defined by the Missouri Department of Corrections ("MDOC"), in part, as "possession of instruments of escape, plans or plots by written or verbal communications concerning escape."

A disciplinary hearing was held on April 1, 2005, and plaintiff was found guilty based on the evidence presented at the hearing, including clothing, maps, a book with telephone numbers, and the narrative of the conduct violation report. The disciplinary hearing officer, defendant Wright, recommended that plaintiff serve thirty days in administrative segregation, that plaintiff pay for the altered clothing found in his cell, and that the other contraband items be disposed. The recommendations were sent to the Assistant Superintendent for final approval. thereafter, on April 14, 2005, McQueen appeared before the Administrative Segregation Committee which also

found plaintiff guilty of the conduct violation for Rule #4-Escape. the Committee also assigned plaintiff to administrative segregation.

Plaintiff alleges that defendant Wickliff fabricated the escape charge against him in retaliation for a grievance and lawsuit that plaintiff had previously filed against her. Plaintiff also alleges that defendant Wright knew that the charge was false and yet concealed the evidence. Finally, plaintiff claims that defendant Dwyer, superintendent of SECC at the time, reviewed his appeal and breached his duty to conduct an investigation of the claim.

## II. Summary Judgment Standard

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. New England Mut. Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir. 1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." Mt. Pleasant v. Associated Elec. Coop. Inc., 838 F.2d 268, 273 (8th Cir. 1988).

Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 82 S. Ct. 486, 7 L.Ed.2d 458 (1962). The burden is on the moving party. Mt. Pleasant, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts

showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976). With these principles in mind, the Court turns to an examination of the facts.

### III. Summary Judgment

Plaintiff states in his summary judgment motion that there are no material issues of fact that preclude summary judgment in his favor, and responds to defendants' statement of undisputed facts by arguing that defendant's facts are in dispute and require findings by a jury. However, this Court has carefully reviewed plaintiff's challenges to defendants' undisputed facts and finds that plaintiff is either challenging facts that are immaterial or does not support his challenge with contradictory facts and argument. Accordingly, this Court holds that there are no material issued of facts that preclude a finding of summary judgment in favor of defendants.

Plaintiff's motion for summary judgment reiterates his allegation that defendant Wickliff fabricated the evidence against him, defendant Wright knowingly relied on the falsified evidence in his disciplinary hearing, and defendant Dwyer breached his duty to conduct an investigation to determine the merits of plaintiff's appeal. Essentially his argument against all three defendants is that a reasonable person could find each violated his rights in such a way as to give rise to an actionable claim under 42 U.S.C. § 1983. Defendants make two arguments in support of

4

summary judgment, that the defendants are entitled to qualified immunity and the claims against defendant Dwyer fail because *respondeat superior* cannot attach liability. Defendants are correct on both points.

**A. Qualified Immunity**

Defendants argue that they are entitled to qualified immunity for the actions that they took in the disciplinary actions taken against the plaintiff. "Qualified immunity shields government officials performing discretionary functions from liability for civil damages if their conduct 'does not violate clearly established [federal] statutory or constitutional rights of which a reasonable person would have known." Cole v. Bone, 993 F.2d 1328, 1332 (8th Cir. 1993), *quoting* Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Defendants claim that their actions in filing discipline charges and finding plaintiff guilty of a Rule #4- Escape conduct violation was a discretionary function of their jobs which provides qualified immunity protection.

Plaintiff argues that the allegations made against him were false and because falsifying charges in retaliation against an inmate violates a "clearly established" right, there can be no qualified immunity protection. It is true that an inmate may maintain a cause of action for retaliatory discipline under 42 U.S.C. § 1983 where a prison official files disciplinary charges in retaliation for an inmate's exercise of constitutional rights. *See* Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). Claims of retaliation fail, however, if the alleged retaliatory conduct violations were issued for actual violation of a prison rule. *See* Orebaugh v. Caspari, 910 F.2d 526, 528 (8th Cir. 1990).

The evidentiary basis of plaintiff's claim of falsified charges -- other than his own testimony -- is that no contraband conforming to the descriptions given in the disciplinary report were produced at his hearing. This failure, he contends, implies that the charge was

5

manufactured. In particular, the Offender Property Removal Form signed by defendant Wickliff (Plaintiff's Exhibit B.2) states that, among other things, "books (altered) & different names (1 - St. Louis phonebook)" and "maps" were removed from plaintiff's possession. In addition, the Conduct Violation Report signed by defendant Wickliff (Defendant's Exhibit E) also states that she removed "2 maps, 1 telephone book, . . . ." The report further states that the maps and telephone book were taken to the investigator's evidence box. However, the Disciplinary Action Report states only that the evidence admitted was generally "elements of escape preparation." Finally, the Classification Hearing report also notes that plaintiff was "in possession of elements of escape preparation" but does not list the evidence produced though noting that the plaintiff admitted to possessing "newspaper weather map."

Plaintiff contends that his possession of a phonebook was fabricated by defendant Wickliff and that the fabrication was admitted by defendant's attorney during his deposition. However, the portion of the deposition cited by plaintiff is not filed with this Court. Defendants respond that the uncontroverted material facts state only that "a book containing several phone numbers and maps of the area" was discovered. Although this description seems in discord with the description given during the disciplinary actions, it is not enough to preclude summary judgment. Plaintiff admitted to having the alleged maps, at least one of the maps was filed with defendants' exhibits, and there is no evidence in the record of the disciplinary hearings that there was ever a question of the existence of the phonebook, or at least a book containing phone numbers. The Eighth Circuit has held that a report from a correctional officer, even if disputed by the inmate and supported by no other evidence, legally suffices as "some evidence" upon which to base a prison disciplinary violation, if the violation is found by an impartial decision-maker. Hartsfield v. Nichols, 511 F.3d 826, 831 (8th Cir. 2008). Furthermore, plaintiff admitted to the possession of

maps which, independent of the phonebook, leads to the same disciplinary action under Rule #4-Escape.

Finally, this Court can find no evidence to support plaintiff's contention that the findings of the disciplinary hearing was ever overturned. Plaintiff must do more than simply show some doubt as to the facts. Instead, the plaintiff bears the burden of setting forth specific facts that show there is sufficient evidence that a jury could find for the plaintiff.

Because there was sufficient evidence to demonstrate that plaintiff violated Rule #4-Escape, there can be no finding of retaliatory conduct. As such, all defendants are entitled to summary judgment.

### B. *Respondeat Superior*

Absent any evidence of misconduct, all defendants are entitled to qualified immunity for their part in the disciplinary actions, thus, this Court need not address defendants' claim that *respondeat superior* does not apply to the claim against defendant Dwyer.

## IV. Conclusion

Plaintiff has presented insufficient evidence to support his allegations that defendants brought false allegations against him in retaliation for a suit he filed and that plaintiff presented insufficient evidence upon which a reasonable jury could find for him, and thus defendants Dwyer, Wickliff, and Wright are entitled to summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for summary judgment (#130) is **DENIED** in its entirety

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment (#136) is **GRANTED** in its entirety.

**IT IS FURTHER ORDERED** that plaintiff's remaining motions: motion to compel (#144), motion to enforce edict (#149), motions to appoint counsel (#153 and #159), and motion for settlement conference (#160) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's case is dismissed with prejudice.

Dated this   12th   day of May, 2009.

_____
UNITED STATES DISTRICT JUDGE